REINHARDT, Circuit Judge,
dissenting:
I concur in Judge Berzon’s dissent. I write separately to register my strong objection to the majority’s failure to rule upon the issue of the Montana sex offender registration forms. The three-judge panel erroneously relied on those forms in determining that Strickland’s prior child abuse conviction constituted a sexual offense. We took this case en banc to decide whether the forms at issue and similar extrajudicial forms fit within the narrow category of documents that may be considered in determining whether a past conviction falls within a particular category of offense. As *987 Judge Berzon persuasively explains, they do not. In my view, to fail entirely to address the issue that caused the court to go en banc constitutes an abuse of the en banc process. It allows future district courts and future panels of our court to repeat the Strickland panel’s error, resulting in erroneous decisions which could easily be avoided by resolving the issue in this proceeding.
The issue is not a difficult one. Although the majority explicitly declines to reach it, the four dissenting judges agree that the forms may not be considered and there is no indication that any judge on the en banc court, other than our iconoclastic Chief Judge, approves of their use. The majority’s duty was to resolve the question that caused the court to go en banc. It should have done so by holding that sex offender registration forms and similar extra-judicial forms may not be considered for purposes of the modified categorical approach. Instead, by avoiding the issue, it perpetuates exactly the kind of unnecessary confusion on an important issue that the en banc process is designed to avoid. The purpose of an en banc proceeding is not simply to determine whether a result in a particular case is correct, nor is an en banc court convened simply to second guess a three-judge panel. The reason for invoking the en banc process is to maintain the consistency of the law of the circuit and to resolve issues of exceptional importance. Fed. R.App. P. 35. Here, the en banc court fails in its essential obligation.